UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE BICYCLE PEDDLER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-79 |
| v. ) | (PHILLIPS/GUYTON) |
| ) | |
| DOES 1-81, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are various motions to quash and Doe 71's Motion to Quash Plaintiff's Subpoena to Comcast Cable and to Dismiss as to Doe 71 for Improper Joinder [Doc. 18]. For the reasons stated herein, the undersigned finds that Doe 71's Motion is well-taken and **RECOMMENDS** that it be **GRANTED**. The undersigned **RECOMMENDS** that Plaintiff's claims against Does 2 through 81 be **DISMISSED WITHOUT PREJUDICE** and that the pending Motions to Quash be **GRANTED**.

### I. BACKGROUND

Plaintiff filed the Complaint in this case on February 14, 2013, alleging that eighty-one unnamed defendants had infringed upon Plaintiff's copyright to a motion picture entitled "Trade of Innocents," using an interactive "peer-to-peer" file transfer technology known as "BitTorrent." [Doc. 1 at ¶ 4].

The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, explained BitTorrent technology well:

> BitTorrent is a program that enables users to share files via the internet. Unlike other "peer-to-peer" (P2P) file sharing networks that transfer files between users or between a user and a central computer server, BitTorrent allows for decentralized file sharing between individual users who exchange small segments of a file between one another until the entire file has been downloaded by each user. Each user that either uploads or downloads a file segment is known as a "peer." Peers that have the entire file are known as "seeds." Other peers, known as "leeches" can simultaneously download and upload the pieces of the shared file until they have downloaded the entire file to become seeds.
>
> Groups of peers that download and upload the same file during a given period are known as a "swarm," with each peer being identified by a unique series of alphanumeric characters known as a "hashtag" that is attached to each piece of the file. The swarm's members are relatively anonymous, as each participant is identifiable only by her Internet Provider (IP) address. Overseeing and coordinating the entire process is a computer or a server known as a "tracker" that maintains a record of which peers in a swarm have which files at a given time. In order to increase the likelihood of a successful download, any portion of the file downloaded by a peer is available to subsequent peers in the swarm so long as the peer remains online.
>
> But BitTorrent is not one large monolith. BitTorrent is a computer protocol, used by various software programs known as "clients" to engage in electronic file-sharing. Clients are software programs that connect peers to one another and distributes data among the peers. But a peer's involvement in a swarm does not end with a successful download. Instead, the BitTorrent client distributes data until the peer manually disconnects from the swarm. It is only then that a given peer no longer participates in a given BitTorrent swarm.

Safety Point Prod., LLC v. Does, 2013 WL 1367078, at *1 (N.D. Ohio Apr. 4, 2013) (citing Hard Drive Prod., Inc. v. Does 1–188, 809 F. Supp. 2d 1150, 1151 (N.D. Cal. 2011); Next Phase Distrib., Inc. v. John Does 1–27, 284 F.R.D. 165, 167 (S.D.N.Y. 2012); Patrick Collins, Inc. v. John Does 1–21, 284 F.R.D. 161, 164 (E.D. Mich. 2012)) (internal citations removed).

2

In support of its joinder of the eighty-one defendants in this case, the Plaintiff alleged:

> 5. This case involves one [BitTorrent] "swarm" in which numerous Defendants engaged in mass copyright infringement of Plaintiff's Motion Picture. Each Defendant illegally uploaded and shared Plaintiffs Motion Picture within this swarm.
>
> 6. Upon information and belief, each Defendant was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiffs copyright.
>
> 7. By participating in the swarm, each Defendant participated in the same transaction, occurrence, or series of transactions or occurrences as at least the other defendants in the same swarm. In particular, Plaintiffs investigator has downloaded the Motion Picture from each Defendant identified herein. In addition, by participating in the swarm, each Defendant participated in a collective enterprise constituting "shared, overlapping facts."

[Id. at ¶¶ 5-7].

The Complaint in this suit identifies the defendants only through internet protocol addresses ("IP addresses"). In an effort to determine the true identities of the unnamed defendants, the Plaintiff filed a Motion for Early Discovery [Doc. 3]. The Motion for Early Discovery was granted on April 11, 2013, and the Plaintiff was granted leave to subpoena various internet service providers ("ISPs") to provide the names, addresses, and phone number of the persons or entities who use the eighty-one IP addresses listed in Exhibit 3 to the Plaintiff's Complaint.

The Plaintiff served subpoenas on certain ISPs commanding production of the identifying information for the users of the IP addresses identified in Exhibit 3 to the Complaint. The Plaintiff has not filed any proof of service in the record demonstrating the date and manner of service. See Fed. R. Civ. P. 45(b)(4). It appears, however, that the ISPs were served, [see Doc. 12 at 6-7], and thereafter, the ISPs advised their customers that they would be providing the

3

user's identifying information to the Plaintiff for use in this suit. Several motions to quash and the instant motion to dismiss followed.

## II.    POSITIONS OF THE PARTIES

In the Motion to Quash Plaintiff's Subpoena to Comcast Cable and to Dismiss as to Doe 71 for Improper Joinder [Doc. 18], Doe 71 argues that the Plaintiff has improperly joined its claims and all of the defendants in the instant suit. [Id. at 4]. Doe 71 argues that the Plaintiff's general allegation that Doe 71 participated in a swarm is too imprecise of an allegation to support joinder under Rule 20 of the Federal Rules of Civil Procedure. [Id. at 5]. Doe 71 argues that the claim against Doe 71 should be dismissed, as a matter of law, based upon the improper joinder. [Id.]. Doe 71 also moves the Court to quash the subpoena served on his or her ISP arguing that the subpoena is unduly burdensome and that Doe 71 should have been provided notice of the early discovery. [Id. at 2].

The Plaintiff responds that the Court should take a liberal approach to joinder. [Doc. 22 at 5]. The Plaintiff reiterates that the illegal copies of the motion picture, which were allegedly downloaded, copied, and uploaded to others by the Defendants, were all derived from a single copy of the motion picture. [Id. at 6]. Plaintiff contends that all of the Defendants formed a "single swarm," which was connected for the purpose of sharing reproducing and distributing the motion picture. [Id. at 8]. The Plaintiff maintains that the subpoena served on Doe 71's ISP is not unduly burdensome and the information sought in the subpoena is not privileged or otherwise protected. [Id. at 2-4].

Doe 71 has filed a reply [Doc. 23], reiterating its original position.

### III. ANALYSIS

The Court will address each of the issues before the Court in turn.

### A. Joinder of the Parties

Rule 20 of the Federal Rules of Civil Procedure directs that defendants may be joined in a single action, if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

*1.  Doe 71's Argument Against Joinder*

Doe 71 argues that the prerequisites to joinder contained in Rule 20 are not satisfied in the instant case. Doe 71 points out that Exhibit 3 to the Complaint demonstrates that the putative defendants did not access the motion picture at the same time. [Doc. 18 at 5]. Instead, they accessed the swarm at different times on different days. [Id.]. Doe 71 directs the Court to other cases addressing joinder in cases involving allegations of copyright infringement through BitTorrent techonology. [Doc. 18 at 4]. Specifically, Doe 71 cites the Court to a case decided within the Sixth Circuit: Safety Point Products, LLC v. Does 1-14, 2013 WL 1367078 (N.D. Ohio Apr. 4, 2013).

The Court finds Safety Point Products, LLC v. Does 1-14, 2013 WL 1367078 (N.D. Ohio Apr. 4, 2013), to be persuasive authority and the Court adopts the analysis of Safety Point in the instant case. As noted above, in Safety Point, Judge Gwin faced allegations and a procedural posture similar to the allegations and procedural posture of the instant case.

5

The court in Safety Point acknowledged that courts are split on the issue of joinder in BitTorrent copyright litigation, with some finding that joinder is appropriate and others finding that it is not. Id. at *3. For the reasons stated herein, the Court adopts the latter approach and finds that joinder is not appropriate.

First, the Court finds that the Plaintiff has not alleged facts sufficient to support joinder of the eighty-one putative defendants in this case under Rule 20 of the Federal Rules of Civil Procedure. The Plaintiff alleges that this case "involves one 'swarm' in which numerous Defendants engaged in mass copyright infringement." [Doc. 1 at ¶ 5]. This allegation is composed of labels and mere conclusions. It does not support a finding that the relief sought against the putative defendants arises out of "the same transaction, occurrence, or series of transactions or occurrences." See Fed. R. Civ. P. 20(a).

The general allegation is especially lacking in light of the fact that Exhibit 3 to the Complaint demonstrates a series of discrete transactions that cannot be classified as a single transaction, occurrence, or series of occurrences. The alleged downloads did not all take place within a few minutes. To the contrary, the "HitDate[s]" contained in Exhibit 3 indicate that the transactions at issue took place hours, days, weeks, and months apart. The alleged infringements occurred over a span of over two months between November 30, 2012, and February 5, 2013, and they cannot be classified as a single transaction, occurrence, or series of occurrences

The Court finds that the evidence before the Court contradicts Plaintiff's superficial allegation that the alleged infringements were a single transaction, occurrence, or series of occurrences. The Court finds that the evidence, instead, supports a finding that the alleged infringements did not arise out of "the same transaction, occurrence, or series of transactions or occurrences." See Raw Films, Inc. v. Does 1-32, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29,

6

2011) ("The facts here demonstrate why the swarm joinder pleading tactic is not appropriate in this action. The differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert."); see also SBO Pictures, Inc. v. Does 1-3036, 2011 WL 6002620, at*3. Thus, the Court finds that the allegations before the Court do not fulfill the criteria of Fed. R. Civ. P. 20(a)(2)(A).

In addition, the Court finds that even if the Plaintiff could satisfy the criteria for allowing permissive joinder under Rule 20(a), it would be appropriate to sever the Defendants based upon a variety of other factors.

First, severing these claims is appropriate because joinder would deprive the Court and the unnamed defendants of a just result. The case management and trial of this case in its present form would be "inefficient, chaotic, and expensive." Pacific Century Int'l, Ltd. v. Does 1–101, 2011 WL 5117424, at *3 (N.D. Cal. Oct.27, 2011). At trial each putative defendant is likely to have different defenses to infringements alleged in the suit. Independent or differing defenses do not always support severing defendants. The Court finds, however, that in this case the need for mini-trials within trials to ferret out each individual defendant's defense would extend trial proceedings in a manner that is inconsistent with Rule 1 of the Federal Rules of Civil Procedure. Moreover, the need for mini-trials will likely confuse the finder of fact.

Second, the Court finds that the Plaintiff has joined claims more properly brought in the Northeastern Division of the Eastern District of Tennessee at Greeneville, the Southern Division of the Eastern District of Tennessee at Chattanooga, and the Winchester Division of the Eastern District of Tennessee at Winchester, and has improperly filed these claims in the Northern Division of the Eastern District of Tennessee at Knoxville. By the Court's count, only thirty of

7

Case 3:13-cv-00079-TAV-HBG   Document 24   Filed 07/08/13   Page 7 of 11   PageID #: 181

the eighty-one alleged infringements occurred in the counties[1] encompassed within the Northern Division, which holds court at Knoxville. If the eighty-one claims remained joined and all proceed in the Knoxville Division, litigants in places like Bell Buckle, Tennessee[2] would be required to forego two federal courts located closer to their home to come litigate their claims in Knoxville, which is approximately three hours away from Bell Buckle. Where possible, the Court should avoid imposing such a burden on litigants, many of whom have elected to proceed *pro se*.

Further, the Plaintiff's joinder of claims that are not appropriately filed in the Northern Division of the Eastern District of Tennessee at Knoxville undermines the Court's allocation of personnel and resources. Absent this case being deemed a class-action case or multi-district litigation – which has not been requested and does not appear supported by the allegations – the Court does not have a mechanism for reallocating the personnel hours that will be required by the dozens of claims improperly filed in this division.

Finally, the Court would note that the joinder of these claims has saved the Plaintiff over $32,000.[3] Plaintiff has avoided paying eighty additional filing fees by joining its claims against eighty-one putative defendants in a single suit. This savings inures to the Plaintiff's benefit at the same time that the joinder imposes the additional costs and expenses on the putative defendants and the Court.

Based upon the foregoing, the Court finds that joinder in this case is improper and does not comply with Rule 20 of the Federal Rules of Civil Procedure. In addition, the Court finds the

---

[1] Anderson, Blount, Campbell, Claiborne, Grainger, Jefferson, Knox, Loudon, Monroe, Morgan, Roane, Scott, Sevier, and Union.
[2] See Doe 38 in Doc. 1-3.
[3] $400.00 fee multiplied by 80 claims against Does, see http://www.tned.uscourts.gov/fees.php.

8

Case 3:13-cv-00079-TAV-HBG   Document 24   Filed 07/08/13   Page 8 of 11   PageID #: 182

joinder is likely to impose an undue burden on the litigants and on judicial resources. The Court finds that the claims in this case should be severed from one another.

*2. Joinder of All Other Does*

The Court's analysis has been prompted by the filing of Doe 71's Motion to Quash and Motion to Dismiss [Doc. 18]. The Court finds, however, that the above analysis is not unique to the claim against Doe 71. Instead, analysis of the joinder of the claims against each of the other putative defendants would be essentially identical to the analysis above. Accordingly, the Court finds that the issue of joinder should be raised *sua sponte* as to all other defendants in this case. See Fed. R. Civ. P. 21. For the reasons stated above, the Court finds that joinder is improper under Rule 20, and the Court finds that the claims against the individual defendants – other than Doe 1 – should be severed.

*3. Dismissal Without Prejudice*

Rule 21 of the Federal Rules of Civil Procedure states that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Rule 21 instead allows the Court to *sua sponte* "drop a party." Id. Rule 21 has been interpreted as allowing the Court to dismiss a misjoined party without prejudice. See Deleon v. Hamilton County Sheriff's Dept., 2012 WL 3116280, at *3 (E.D. Tenn. 2012) (citing Moore's Federal Practice § 21.03 (Matthew Bender 3d ed.) ("Dismissal of a misjoined party under Rule 21 is without prejudice; a claim by or against such a party may be refiled as a separate suit")); see also Letherer v. Alger Group, L.L.C., 328 F.3d 262, 266–68 (6th Cir.2003) (affirmed dropping of misjoined party and dismissing claims against that party), recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC, 511 F.3d 633, 636 (6th Cir. 2008).

In this case, the Court finds that Does 2 to 81 are misjoined parties. The Court finds that the appropriate and most efficient manner in which to remedy the misjoinder is to dismiss the claims against each of these eighty persons and entities without prejudice. If Plaintiff elects to pursue its claims against these parties, Plaintiff may file individual suits against each of these putative defendants.

**B.     Subpoenas to the ISPs**

Because the undersigned is recommending that the claims against Does 2 to 81 be dismissed the Court, it is further recommended that all pending Motions to Quash Subpoenas [Docs. 7, 10, 11, 12, 13, 18] be granted, because the putative defendants will no longer be parties to this litigation. The Court has reviewed the motions pending and none of the motions appear to have been filed by Doe 1.

**C.     Rule 26 of the Federal Rules of Civil Procedure**

Finally, the undersigned will recommend that the Plaintiff be given thirty days from the date of the Memorandum and Order adopting or otherwise ruling on this Report and Recommendation to serve Doe 1, the remaining putative defendant in this case. The Plaintiff should be further ordered to schedule a discovery conference pursuant to Rule 26(f) within thirty days of serving Doe 1, so that the parties can develop a discovery plan and this case can be set for trial without delay.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[4] that:

1. The Motion to Quash Plaintiff's Subpoena to Comcast Cable and to Dismiss as to Doe 71 for Improper Joinder **[Doc. 18]** be **GRANTED**;

2. All claims, other than the claim of Plaintiff against Doe 1, be **DISMISSED WITHOUT PREJUDICE**, to allow refiling of claims against Does 2-81 in individual cases;

3. The Court **ORDER** that any re-filed cases against Does 2-81 be filed in the appropriate division of the Eastern District of Tennessee;

4. All Motions to Quash **[Docs. 7, 10, 11, 12, 13]** now pending be **GRANTED**, because the claims against these persons are being dismissed and the subpoenas requesting these persons' identifying information are now moot;

5. The Plaintiff be **ORDERED** to serve Doe 1 within **thirty (30) days** of the Memorandum and Order ruling upon this Report and Recommendation; and

6. The Plaintiff and Doe 1 be **ORDERED** to conduct a Rule 26(f) conference within **thirty (30) days** of Doe 1 being served.

Respectfully Submitted,

  /s H. Bruce Guyton
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).